Jones, Oliver B., J.
The question to be determined in this case is one of priority of liens upon a fund arising from the sale of certain real estate under foreclosure proceedings.
Luella J. Brown claims a lien by virtue of. a decree for alimony. The petition under which said decree was taken was filed November 8, 1911, and a restraining order was issued on that date enjoining the defendant from disposing of or encumbering property, the description of which was set out in the petition, and which included a lot later sold in foreclosure, the proceeds of which are now sought to be reached. This injunction remained *44 against said property until the entry of the decree, which was made October 24, 1912, and which adjudged in addition to other property an allowance of the sum of $900 in money, which was thereby made a lien on said real estate.
The Cincinnati Concrete Company claims a lien for $299.89 by reason of a judgment taken against Jay Brown, the owner of said real estate, before Edward F. Woodruff, justice of the peace, a transcript of which judgment was filed in the court of common pleas May 4, 1912. The transcript shows that this judgment was taken before the magistrate March 12, 1912, upon the confession of the defendant. This confessed judgment was therefore a violation of the restraining order issued against said defendant in the alimony case. Outside of that question, however, the action in alimony became a Us pendens against the property described in the petition and covered by the injunction, from the date of the filing of said petition and the issue of such injunction, and the judgment when taken in that case related back to that date, November 8, 1911.
Luella J. Brown must therefore be held to have a prior lien on the proceeds of said property. Tolerton et al., Exrs., v. Williard et al., 30 Ohio St., 579.

Judgment accordingly.

Jones, E. H., P. J., and Gorman, J., concur.